# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CHEVRON CORPORATION,

      Petitioner,

        v.                                Misc. No. 11-409 (JMF)

THE WEINBERG GROUP,

      Respondent.

## ORDER

Before me is Respondent Weinberg Group's Motion for Emergency Stay of Enforcement of this Court's September 8, 2011 Memorandum and Order and September 13, 2011 Order Pending Appeal to the United States Court of Appeals for the District of Columbia Circuit and for Expedited Briefing and Consideration [#31]. The Weinberg Group's motion for an emergency stay will be denied for the following reasons.

As I stated in my previous Order [#30], in order for a party to succeed on a motion for a stay of proceedings, it must show a likelihood of success upon review by a superior court and that it is threatened with irreparable harm if the stay is not granted. Baker v. Socialist People's Libyan Arab Jamahirya, ___ F. Supp. 2d ___, 2011 WL 3855855, at *3 (D.D.C. Sept. 1, 2011). As I previously noted, I find no likelihood that a reviewing court will disagree with my reliance upon Judge Kaplan's decision in support of my concluding that there is a prima facie case that the work of The Weinberg Group advanced the perpetration of a fraud, meaning that the privileges claimed had to yield.

Respondent argues that once the Court has determined that the movant does not have

any likelihood of success on the merits, there is somehow still room for the Court to grant the motion. Memorandum of Points and Authorities in Support of Respondent's Motion for Emergency Stay [#31-1] at 2. However, the cases Respondent cites to in its Memorandum, Population Inst. v. McPherson, 797 F.2d 1062, 1078 (D.C. Cir. 1986) and Peck v. Upshur County Bd. of Educ., 941 F. Supp. 1478, 1481 (N.D. W.Va. 1996), both do in fact require the Court to find a likelihood of success on the merits. They definitely do not stand for the proposition that a stay is appropriate if the moving party presents a legal issue that it wishes to further litigate, if the Court is certain that it will not succeed, as is the case here.

Moreover, whatever its view in 1986 in the Population Institute case, the court of appeals, dealing with the cognate question of the requirements for the granting of a preliminary injunction earlier this year, specifically indicated that the showing of a likelihood of success on the merits is "an independent free-standing requirement for a preliminary injunction." Sherlev. Sebelius, 644 F.3d 388, 393 (D.C. Cir. 2011) (quoting Davis v. Pension Benefit Guaranty Corp., 571 F.3d 1288, 1296 (D.C. Cir. 2009)). Any notion that a party gets a stay merely by raising a debatable legal issue is simply wrong. See Nken v Holder, ___ U.S. ____, 129 S.Ct. 1749, 1753 (2009) ("The first factor, a strong showing of a likelihood of success on the merits, requires more than a mere possibility that relief will be granted.").

Judge Kaplan made a number of findings that support my conclusion that the crime-fraud exception applies in this case and that the claimed privileges are therefore inapplicable to the documents at issue. Respondent attempts to argue that the stay that Judge Kaplan imposed upon Magistrate Judge Francis's similar order, granting a motion to compel in the Southern District of New York, indicates that Judge Kaplan found the Ecuadorian plaintiffs' objections to application

by Judge Francis of the crime-fraud exception to be meritorious. [#31-1] at 3, n.1. However, a closer review of the record of the Southern District matter shows that the stay was put in place not because Judge Kaplan had reservations as to Judge Francis's conclusions, but rather to give Judge Francis an opportunity to make an *in camera* inspection of the documents on the privilege list, as was within his discretion. See Chevron v. Salazar, 11 Civ. 3718, Doc. No. 227 (S.D.N.Y. filed Aug. 16, 2011). Judge Francis found, as I have, that Judge Kaplan's findings compel the conclusion that the evidence of fraud in the proceedings in the Ecuadorian court, including The Weinberg Group's work with the "cleansing experts," required the claimed privileges to yield to the crime fraud exception. Judge Kaplan did not stay Judge Francis's order because he had reservations about Judge Francis's application of the crime fraud exception. Rather, Judge Kaplan's stay was a procedural matter enabling Judge Francis to further review the evidence before him.

There is simply no showing whatsoever that The Weinberg Group has a likelihood of success on the merits of any appeal.

It is therefore, hereby,

**ORDERED** that Respondent Weinberg Group's Motion for Emergency Stay of Enforcement of this Court's September 8, 2011 Memorandum and Order and September 13, 2011 Order Pending Appeal to the United States Court of Appeals for the District of Columbia Circuit and for Expedited Briefing and Consideration [#31] is **DENIED**.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE